UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESLAM HASSAN

                    Plaintiff,

          - against -

CORRECTION OFFICER REYNOSO, et al.

                    Defendants.

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

19 Civ. 5938 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

Pro se Plaintiff Eslam Hassan filed the Complaint in this Section 1983 action on June 24, 2019.  (Dkt. No. 2)

On July 18, 2019, this Court granted Plaintiff's application to proceed in forma pauperis.  (Dkt. No. 10)

On October 9, 2019, this Court referred the case to Magistrate Judge Sarah Netburn for general pretrial supervision.  (Dkt No. 22)

On October 21, 2019, Plaintiff filed an Amended Complaint.  (Dkt. No. 25)

On three occasions since the filing of this lawsuit, Plaintiff has submitted a change of address form with the Court giving notice of a change in his address.  Most recently, on January 17, 2020, Plaintiff advised that he had been transferred to Sing Sing Correctional Facility in Ossining, New York.  (Dkt. Nos. 17, 20, 38)

On April 4, 2020, after Defendants advised Judge Netburn that Plaintiff had been released from the custody of the New York State Department of Corrections and Community Supervision, Judge Netburn issued an order staying this case and directing Plaintiff to update his

address within 30 days. Judge Netburn warned that Plaintiff's case would be dismissed if he failed to update his address.  (Dkt. No. 50)

On May 5, 2020, and May 26, 2020, Judge Netburn issued similar orders.  (Dkt. Nos. 59, 62)

On June 11, 2020, Judge Netburn ordered Plaintiff to show cause by June 25, 2020 why this case should not be dismissed for failure to prosecute.  (Dkt. No. 63)

On July 6, 2020, Judge Netburn issued a Report and Recommendation ("R&R") recommending that the case be dismissed for failure to prosecute.  (R&R (Dkt. No. 64))

In her R&R, Judge Netburn notifies the parties that they have fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  (Id. at 3)  The R&R further states that "[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review."  (Id. at 4)  Neither side has filed objections to the R&R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice

of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (<u>per</u> <u>curiam</u>)); <u>see</u> <u>also</u> <u>Spence v. Superintendent, Great Meadow Correctional Facility</u>, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."). This Court has nonetheless reviewed Judge Netburn's R&R for clear error.

In the R&R, Judge Netburn recounts Plaintiff's failure to comply with her June 11, 2020 order. (R&R (Dkt. No. 64) at 1) Judge Netburn then sets forth the five-factor test courts apply in considering whether an action should be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). (<u>Id.</u> at 1-2 (quoting <u>Baptiste v. Sommers</u>, 768 F.3d 212, 216 (2d Cir. 2014)) Judge Netburn finds that all the factors here favor dismissal, because Plaintiff "has not complied with orders to inform the Court of his change of address or otherwise appeared in this case since January 17, 2020," despite his release from prison on January 24, 2020. (<u>Id.</u> at 2) Judge Netburn notes the prejudice to Defendants and the burden on the Court caused by Plaintiff's failure to prosecute. (<u>Id.</u> at 2-3) Finally, Judge Netburn concludes that "considering the circumstances, 'the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity.'" (<u>Id.</u> at 3 (quoting <u>Baker v. City of New York</u>, No. 19-cv- 2582 (JGK), 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020)))

Based on the foregoing analysis, Judge Netburn recommends that this action be dismissed without prejudice for failure to prosecute.

This Court has reviewed Judge Netburn's R&R and finds it to be well-reasoned and free of clear error.  See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).  Accordingly, Judge Netburn's R&R is adopted in its entirety, and Plaintiff's claims will be dismissed without prejudice for failure to prosecute.

## CONCLUSION

For the reasons stated above, Plaintiff's claims are dismissed without prejudice. The Clerk of Court is directed to close this case.

Copies mailed by Chambers.

Dated:  New York, New York
        September 8, 2020

SO ORDERED.

Paul G. Gardephe
United States District Judge